**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RICARDO DELESTIN, a/k/a Rick,

*Defendant-Appellant.*

No. 02-4358

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-99-23-3)

Submitted: November 27, 2002

Decided: January 8, 2003

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Morgan B. Hayes, Charleston, West Virginia, for Appellant. Thomas
E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant
United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ricardo Delestin appeals the district court's order sentencing him to 144 months imprisonment and three years of supervised release for violations of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000). Delestin's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he does raise several issues in the brief. Delestin has filed a supplemental brief. In accordance with *Anders*, we have considered the briefs and examined the entire record for meritorious issues. We find no error and affirm.

On appeal, Delestin's counsel raises three issues: (i) ineffective assistance of counsel; (ii) inadequacy of Delestin's guilty plea; and (iii) violations of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Likewise, in his supplemental brief, Delestin argues that his counsel at sentencing rendered ineffective assistance and that his guilty plea was involuntary.

At his sentencing hearing, Delestin testified, under oath, that he was satisfied with his counsel. Thus, his claim of ineffective assistance is foreclosed on direct appeal. *See United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991) (holding that ineffective assistance of counsel claims are not considered on direct appeal unless counsel's ineffectiveness conclusively appears on the face of the record).

Delestin's claim that his guilty plea was involuntary also must fail. Violations of Fed. R. Crim. P. 11 are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Furthermore, a defendant is bound by representations made during a plea colloquy relating to the voluntariness of the plea absent clear and convincing evidence to the contrary. *Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000). Because the transcript of the guilty plea hearing reveals that the district court complied with Rule 11, because Delestin testified, under oath, that his plea was not the result of any coercion, threats, or harassment, and because he has produced no evi-

dence to rebut this testimony, Delestin's argument that his guilty plea was involuntary is without merit.

Likewise, Delestin's arguments based on *Apprendi* must fail. *Apprendi* is applicable only where a fact, other than that of a prior conviction, increases the penalty for a crime beyond the prescribed statutory maximum. 530 U.S. at 490. Although Delestin was sentenced to 144 months imprisonment, the maximum statutory penalty pursuant to § 841 is twenty years imprisonment. *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000). Thus, because Delestin's sentence did not exceed the prescribed statutory maximum, his reliance on *Apprendi* is misplaced and these claims must fail.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Delestin's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*